<u>JURY TRIAL DEMANDED</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNE ELIZABETH MAULDIN							PLAINTIFF

VS.							CIVIL ACTION NO. <u>3:15cv115-MPM-JMV</u>

UNITED STATES DEPARTMENT OF
AGRICULTURE, AND TOM VILSACK,
SECRETARY OF UNITED STATES
DEPARTMENT OF AGRICULTURE							DEFENDANTS

<u>COMPLAINT</u>

THIS IS AN ACTION against the United States Department of Agriculture and Tom Vilsack, Secretary of United States Department of Agriculture, seeking both damages and injunctive relief against the discrimination based on sex and age that has been leveled against the Plaintiff, Anne Elizabeth Mauldin.

**JURISDICTION**

**1.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 2201, and 42 U.S.C. § 2000e-16(a) which provide generally that all personnel actions affecting employees of the federal government shall be free from any discrimination based upon sex.

**2.**

The jurisdiction of this Court also is conferred by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.,* and 29 U.S.C.§ 216.

## VENUE

**3.**

Venue is proper in this District and Division

## **PARTIES**

**4.**

Plaintiff Anne Elizabeth Mauldin is an engineer and employee of the United States Department of Agriculture working out of the Batesville, Panola County, Mississippi, field office. She is an adult resident citizen of Panola County, Mississippi, which is located in the Oxford Division of this Court.

**5.**

Defendant United States Department of Agriculture is an agency of the United States with whom Plaintiff is employed.

**6.**

Defendant Tom Vilsack is the Secretary of the Department of Agriculture and as such is charged with the overall administration of the United States Department of Agriculture.

## EXHAUSTION

**7.**

Plaintiff has fully exhausted all administrative remedies pursuant to Title VII of the Civil Rights Act of 1964 (as amended) and the Age Discrimination in Employment Act of 1967.

FACTS

**8.**

Plaintiff Anne Elizabeth "Libbi" Mauldin has been employed as a civil engineer for Defendant Department of Agriculture for over 25 years and has always won exemplary reviews for her job performance. Plaintiff has been discriminated against by the Defendants on the basis of her sex (female) and her age (d.o.b. 6/12/55) as follows:

1) On August 19, 2013, Plaintiff applied for a promotion to a GS-0810-12 Supervisory Civil Engineer position.

2) On September 24, 2013, Plaintiff learned she was not selected for said position.

3) Selected for the GS-12 Supervisory Civil Engineer job was Nick Specker, a male, age 38. Plaintiff is more qualified than the selectee.

4) At the time of the filing of Plaintiff's EEO Complaint of Employment Discrimination, there were four GS-12 Supervisory Civil Engineers within the State of Mississippi. Three were males. One was female. On information and belief, all GS-12 Supervisory Civil Engineers are younger than Plaintiff. At the time of the filing of Plaintiff's EEO Complaint of Employment Discrimination, three of the Supervisory Civil Engineers were under the age of 40.

5) In terms of promotion and hiring, all of the upper management positions in the Mississippi State Office of the Defendant United States Department of Agriculture are held by men. In the Area Offices, the upper management positions essentially are held by the Area Conservationists, the Resource Conservationists, and the Supervisory Civil Engineers. Eleven of these positions currently are held by males. Only one (out of 12) is held by a female.

6) At the time of the filing of Plaintiff's EEO Complaint of Employment Discrimination, in Area 1 there were eleven Supervisory District Conservationists, of which ten were GS-12 males and only one was a GS-12 female. In Area 2 there were eight Supervisory District Conservationists, of which seven were GS-12 males and one was a GS-12 female. In Area 3 there were nine Supervisory District Conservationists, of which all nine were GS-12 males. In Area 4 there were six GS-12 Supervisory District Conservationists, of which five were GS-12 males and one was a GS-12 female. As a hiring practice, the Defendants fill Supervisory positions with younger males.

7) While refusing to promote Plaintiff, the Defendants before and thereinafter employed younger male persons, all of whom are less experienced than the Plaintiff and less qualified than the Plaintiff to fulfill the government responsibilities of the positions.

**9.**

As a direct and proximate result of Defendants' age and sex discrimination, Plaintiff has suffered loss of pay, loss of fringe benefits, loss of promotion, loss of reputation, insult, and severe mental anguish and emotional distress.

**DISCRIMINATION**

**10.**

(1) Plaintiff is a member of protected classes of females and older persons, (2) Plaintiff is qualified for the position in question, (3) Plaintiff has suffered adverse employment actions, and (4) Defendant has granted favorable treatment to persons outside Plaintiff's protected classes and has treated others more favorably.

## CAUSE OF ACTION

**11.**

The acts of Defendants in discriminating against Plaintiff because of her age constitute a willing, knowing and intentional violation of Plaintiff's rights prohibited by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

**12.**

The acts of Defendants in discriminating against Plaintiff because of her sex constitute a willing, knowing and intentional violation of Plaintiff's rights prohibited by Title VII of the Civil Rights Act of 1964 (Supp. 1991), prohibiting discrimination against Plaintiff because of her sex, female.

## IRREPARABLE HARM

**13.**

Plaintiff faces irreparable harm for which there is no adequate or speedy remedy of law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Anne Elizabeth Mauldin prays for the following relief:

1. Pursuant to the Age Discrimination Act:

(a) a declaratory judgment that Plaintiff was not promoted in violation of her rights under the Age Discrimination in Employment Act of 1967, 20 U.S.C. § 630(F);

(b) a temporary restraining order, preliminary, and permanent injunctions mandatorily enjoining Defendants to promote Plaintiff into the position of GS-12 Supervisory Civil Engineer, with all back pay, including fringe benefits, such as, *inter alia,* health insurance and retirement, or, in the alternative, front pay (including fringe benefits);

(c) a judgment from and of Defendants in the amount of Plaintiff's back pay (including all fringe benefits) and front pay (including all fringe benefits), if promotion is not ordered;

(d) pursuant to the willful violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.,* and 29 U.S.C. § 216, a judgment from and of Defendants for liquidated damages in the amount of twice the Plaintiff's back pay (including all fringe benefits);

2. Pursuant to Title VII Civil Rights Act of 1964 (Supp. 1991) prohibiting sex discrimination:

(a) a declaratory judgment that Plaintiff was not promoted in violation of her rights under Title VII of the Civil Rights Act of 1964 (Supp. 1991);

(b) a temporary restraining order, preliminary and permanent injunctions mandatorily enjoining Defendants to promote Plaintiff into the position of GS-12 Supervisory Civil Engineer, with all back pay, including fringe benefits such as, *inter alia,* health insurance and retirement, or, in the alternative, front pay (including fringe benefits);

(c) a judgment of and from Defendants in an amount set by the jury for lost pay, loss of fringe benefits, lost pension benefits, back pay, front pay, salary increases, awards, and all income losses caused by the Plaintiff's having not received the Supervisory Civil Engineer GS-12 promotion, or, in the alternative, front pay (including fringe benefits);

(d) a judgment from and of Defendants in the amount of Plaintiff's back pay (including all fringe benefits) and front pay (including all fringe benefits), if promotion is not ordered; and

(e) a judgment of and from Defendants for severe mental anguish and emotional distress;

3. The cost of this cause, including a reasonable attorneys' fee;

4. General relief.

Respectfully submitted, this the 10th day of July, 2015.

/s/ Dennis L. Horn
Dennis L. Horn, Attorney for Plaintiff,
Anne Elizabeth Mauldin

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB #4071)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Phone: (601) 853-6090
Fax: (601) 853-2878
hornpayne@gmail.com